WALTER L. CLARKE, City Treasurer, *vs.* JOSHUA M. ADDEMAN, Trustee.

PROVIDENCE—MAY 20, 1904.

PRESENT: Tillinghast, Douglas, and Blodgett, JJ.

(1)  *Taxes.  Trust Property.*

Gen. Laws cap. 45, § 12, provides that "all personal property held in trust by any executor, administrator, or trustee, the income of which is to be paid to any other person shall be assessed against the executor, administrator, or trustee where such other person resides."

Sec. 9 provides, that "all ratable personal property shall be taxed to the owner thereof in the town in which the owner shall have had his actual place of abode for the larger portion of the twelve months next preceding the first day of April in each year:"—

*Held,* that trust estate consisting of personal property is to be taxed in the same town where the private personal estate of the beneficiary under the trust is taxed.

(2)  *Taxes.  Description of Party.*

A tax was assessed against "A., trustee under will of B." Before the assessment C. had been appointed cotrustee with A.:—

*Held,* that the description of the person taxed was sufficiently accurate A. was trustee of the fund still, and, as he made no return to the assessors he could not object to the amount of the tax.

ACTION OF THE CASE under section 26 of chapter 48 of the General Laws. Heard on agreed statement of facts.

(1)    PER CURIAM. The court is of the opinion that the word "resides" in section 12 of chapter 45 of the General Laws means "resides for purposes of taxation" as defined in section 9 of the same chapter. That is to say: Trust estate consisting of personal property is to be taxed in the same town where the private personal estate of the beneficiary under the trust is taxed. The beneficiary under this trust had her abode for the larger portion of the twelve months next preceding the first day of April, 1902, in the city of Providence; hence the tax assessed upon said trust estate by the assessors of taxes of the city of Providence, July 1, 1902, was assessed by the proper authority.

(2)    The tax was assessed against "Joshua M. Addeman, trustee under will of Sterns Hutchins." Before the assessment of the tax the Industrial Trust Company had been appointed co-trustee with said Addeman of said fund.

We think the description of the person taxed was sufficiently accurate. Mr. Addeman was trustee of said fund still, and, as he made no return to the assessors, can not object to the amount of the tax. The tax is in reality upon the fund, and we do not see how any injury has occurred by omission to name all the trustees.

The plaintiff is entitled to judgment for the amount claimed, with costs.

*Francis Colwell and Albert A. Baker*, for plaintiff.
*Van Slyck & Mumford*, for defendant.